# In the United States Court of Federal Claims

No. 03-1623C

(Filed December 17, 2003)

| | |
|---|---|
| ****************************** | |
| **KERN OIL & REFINING COMPANY,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES**, | * |
| | * |
| Defendant. | * |
| ****************************** | |

## Order

On September 2, 2003, on behalf of both parties, defendant filed a motion for a stay pending the resolution of expected appeals involving similar issues in other cases now pending before the court. See Hermes Consolidated, Inc. d/b/a Wyoming Refining Co. v. United States, No. 02-1460C, slip op. (Fed. Cl. August 7, 2003); Tesoro Hawaii Corporation v. United States, No. 02-704C slip op. (Fed. Cl. September15, 2003). In the alternative, defendant sought an enlargement of time, until September 30, 2003, to its file response to plaintiff's complaint.\1

\1 The court's order dated October 10, 2003, granted an enlargement of time until October 17, 2003, and denied the parties' application for a stay but, due to the court's erroneous application of the court's new electronic case filing ("ECF") rules, was not filed by (continued...)

On November 7, 2003, in accordance with the request in its unopposed (and unallowed) October 16, 2003 motion for a 21-day enlargement of time, from October 17 to November 7, 2003, in which to answer the complaint, defendant, on November 7, 2003, filed ~~a~~ motions for partial summary judgment for leave of court to file a paper appendix.\2

On December 1, 2003, plaintiff docketed an unopposed "Renewed Motion for a Stay," or, in the alternative, a motion for a fifteen-day enlargement of time, from December 8, 2003 until December 23, 2003, to respond to defendant's motion for partial summary judgment. On December 3, 2003, plaintiff docketed a "Consent Motion to Stay" identical to the "Renewed Motion."

Plaintiff's December 1, 2003 application for a stay is deficient because it was signed incorrectly by the attorney of record in that his

---

\1(...continued)
the clerk's office.

\2 Defendant's grounds for filing a paper appendix (principally, the preference not to create multiple portable document files) provide no clear rationale for excepting this type of materials from (and potentially creating such a precedent under) the ECF rules. See United States Court of Federal Claims General Order No. 42.

Accordingly, on or before December 30, 2003, defendant shall demonstrate why filing electronically, rather than in a paper format, poses an undue burden, and not merely an inconvenience, for the government, by quantifying the additional time, expense, or other concrete difficulty resulting from the electronic filing requirement. In addition, defendant shall explain more thoroughly why electronic filing of its appendix would be "of little use to" other parties and the court.

name does not appear after the "s/"[\3] on the signature line. See General Order No. 42, ¶14. Also, the motion for an enlargement of time incorporated therein has not been docketed because the motion was not categorized as both a motion for a stay and a motion for an enlargement of time under the ECF system.

Plaintiff's counsel's signature on the December 3, 2003 consent motion to stay is deficient for the same reasons previously discussed. Also, there is no provision in the rules of the court or in the ECF rules permitting the filing of an "Amended Motion."

The joint motion for a stay and defendant's motion for partial summary judgment shall be filed by leave of the court, and the parties shall correct the noted associated deficiencies forthwith. Plaintiff's motion for an enlargement of time also shall be filed by leave of the court and denied as moot. The parties' motion for a stay is granted. The December 3, 2003 "consent motion" for a stay also shall be stricken because it is not permitted by the rules.

The parties are advised of the need to consider carefully the ECF rules when filing material in this case. As the foregoing disentanglement of the filings in this case may suggest, the ECF procedures are not intuitively obvious, demand punctilious accuracy, and do not in many respects resemble the rules with which the parties may be accustomed.

s/ Diane Gilbert Sypolt
DIANE GILBERT SYPOLT
Judge, U.S. Court of Federal Claims

\3 Note, too, that the ECF's signature symbol is "s/," not "/s/" or "/s."