IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KERN OIL & REFINING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1623C |
| | ) | (Judge Sypolt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO COURT ORDER OF DECEMBER 17, 2003

Defendant respectfully responds to the Court's Order of December 17, 2003, which stayed this case, but ordered that we further justify our motion to permit the filing of a paper appendix to our motion for partial summary judgment, by demonstrating that filing the appendix electronically constituted an "undue burden" rather than an "inconvenience," and by quantifying the difficulty of electronic filing. Order at 2, n. 2. The Order also asked us to explain what we meant when, in our motion, we stated that the electronic files would be "of little use to users."

We stated the following in our motion.

> The appendix at issue is 179 pages, and was supplied by the agency in pdf files, measuring approximately 12,000 kb. In an effort to comply with the Court's electronic filing system, counsel attempted to divide these files, and has consulted with the clerk's office and DOJ specialists concerning whether he was properly using the applicable procedures, and experimented with various page-size files attempting to meet the Court's 1MB size limit. Unfortunately, file sizes as small as 13 pages were required. Thus, it could take as many as 14 files to hold these documents. Files of that size are extremely tedious and time-consuming to create and are of little use to users.

Although the filing effort described in our motion is an inconvenience and a burden, we also believe that it comprises an <u>undue</u> burden, because electronically filing a large appendix in

small files will add no value to the parties' or the Court's efforts in reading the appendix or comprehending the issues. That is not the case with the brief, and would not be the case with a smaller appendix that, like the brief, can be saved in a single electronic file, because in those cases, the parties enjoy the advantage of being able to transfer the case back and forth among colleagues, employees, and alternate work sites with ease, and of reading such documents with ease. That will not be the case here, because the appendix would exist in multiple files, requiring multiple visits in and out of electronic files to identify a page of interest or to read all pages.[1] The easiest way to handle such a large, multi-file appendix is, undoubtedly, to print it. And that is why, we believe, other judges presiding over military fuel cases have permitted paper filings.[2]

Although it is difficult to quantify the exact effort involved without actually undertaking the full effort, counsel estimates that it would take a minimum of 45-60 minutes to create and file the necessary files electronically. Recent, similar efforts in our office have taken as many as 90 minutes. The effort involved would be an iterative, experimental process designed to create files of, or near, the one-megabyte maximum size permitted by the Court's filing software, until the entire appendix is captured in such files. Generally, that process involves opening a file of appendix documents, saving that file, opening another screen to determine that file's size (as a baseline), making educated guesses concerning how many pages must be extracted, extracting those pages, saving the ensuing shrunken file, determining that's file's size, and so on, until a file

---

[1] This is what we intended when we stated in our motion that these files would be of little use to users.

[2] Motions similar to this one have been granted in similar cases, including Placid v. United States. No. 03-12316C (Fed Cl.) (Order of September 12, 2003), and Valero v. United States. No. 03-1916C (Fed Cl.) (Order of October 28, 2003).

of the permitted size is achieved. Knowing the last appendix page of the first file created in that fashion, the process would continue by deleting the pages saved in the first file from the original file, and then continuing the extraction, saving, measuring process described above, until a series of files had been created that do not exceed the file size limit, but have captured the entire appendix. Once these files are created, they must be saved to a separate computer drive (pursuant office filing policies, designed to ensure that irrelevant files are not inadvertently filed), and then uploaded, one by one, with the Court's electronic filing software.

For these reasons, defendant requests leave to file its appendix in paper form.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
Defense Energy Support Center
Ft. Belvoir, VA

HOWARD M. KAUFER
Trial Attorney
Defense Energy Support Center
Fort Belvoir, VA

December 30, 2003

CERTIFICATE OF FILING

I hereby certify that on December 30, 2003, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick