## III. CONCLUSION

For the foregoing reasons, MAPCO's motion for partial summary judgment as to liability is granted and defendant's cross-motion for partial summary judgment is denied. We need not now address the remedy to be afforded plaintiff. The parties are directed to submit a joint status report by January 22, 1993, proposing dates for further proceedings on the issue of damages.

ERIC G. BRUGGINK
Judge

on a competitive basis or supported by valid cost or pricing data;

(c) Available cost or pricing information permits realistic estimates of the probable costs of performance; or

(d) Performance uncertainties can be identified and reasonable estimates of their cost impact can be made, and the contractor is willing to accept a firm fixed price representing assumption of the risks involved.

## 16.203 Fixed-price contracts with economic price adjustment.

### 16.203-1 Description.

A fixed-price contract with economic price adjustment provides for upward and downward revision of the stated contract price upon the occurrence of specified contingencies. Economic price adjustments are of three general types:

(a) *Adjustments based on established prices.* These price adjustments are based on increases or decreases from an agreed-upon level in published or otherwise established prices of specific items or the contract end items.

(b) *Adjustments based on actual costs of labor or material.* These price adjustments are based on increases or decreases in specified costs of labor or material that the contractor actually experiences during contract performance.

(c) *Adjustments based on cost indexes of labor or material.* These price adjustments are based on increases or decreases in labor or material cost standards or indexes that are specifically identified in the contract.

### 16.203-2 Application.

A fixed-price contract with economic price adjustment may be used when (i) there is serious doubt concerning the stability of market or labor conditions that will exist during an extended period of contract performance, and (ii) contingencies that would otherwise be included in the contract price can be identified and covered separately in the contract. Price adjustments based on established prices should normally be restricted to industry-wide contingencies. Price adjustments based on labor and material costs should be limited to contingencies beyond the contractor's control. For use of economic price adjustment in sealed bid contracts, see 14.407-4.

(a) In establishing the base level from which adjustment will be made, the contracting officer shall ensure that contingency allowances are not duplicated by inclusion in both the base price and the adjustment requested by the contractor under economic price adjustment clause.

(b) In contracts that do not require submission of cost or pricing data, the contracting officer shall obtain adequate information to establish the base level from which adjustment will be made and may require verification of data submitted.

### 16.203-3 Limitations.

A fixed-price contract with economic price adjustmen[t] shall not be used unless the contracting officer determin[es] that it is necessary either to protect the contractor and th[e] Government against significant fluctuations in labor [or] material costs or to provide for contract price adjustment [in] the event of changes in the contractor's established prices.

### 16.203-4 Contract clauses.

(a) *Adjustment based on established prices—standar[d] supplies.* (1) The contracting officer shall, when contrac[t]ing by negotiation, insert the clause at 52.216-2, Econom[ic] Price Adjustment—Standard Supplies, or an agency-pr[e]scribed clause as authorized in subparagraph (2) below, [in] solicitations and contracts when all of the following con[di]tions apply:

(i) A fixed-price contract is contemplated.

(ii) The requirement is for standard supplies th[at] have an established catalog or market price, verifi[ed] using the criteria in 15.804-3.

(iii) The contracting officer has made the determ[i]nation specified in 16.203-3.

(2) If all the conditions in subparagraph (a)(1) abo[ve] apply and the contracting officer determines that the u[se] of the clause at 52.216-2 is inappropriate, the contra[ct]ing officer may use an agency-prescribed clause inste[ad] of the clause at 52.216-2.

(3) If the negotiated unit price reflects a net pri[ce] after applying a trade discount from a catalog or l[ist] price, the contracting officer shall document in the co[n]tract file both the catalog or list price and the discou[nt]. (This does not apply to prompt payment or cash d[is]counts.)

(b) *Adjustment based on established prices—semista[n]dard supplies.* (1) The contracting officer shall, when co[n]tracting by negotiation, insert the clause at 52.216[-3,] Economic Price Adjustment—Semistandard Supplies, [or] an agency-prescribed clause as authorized in subparagr[aph] (2) below, in solicitations and contracts when all of the f[ol]lowing conditions apply:

(i) A fixed-price contract is contemplated.

(ii) The requirement is for semistandard supp[lies] for which the prices can be reasonably related to [the] prices of nearly equivalent standard supplies t[hat] have an established catalog or market price, veri[fied] using the criteria in 15.804-3.

(iii) The contracting officer has made the deter[mi]nation specified in 16.203-3.

(2) If all conditions in subparagraph (b)(1) ab[ove] apply and the contracting officer determines that the [use] of the clause at 52.216-3 is inappropriate, the contr[act]ing officer may use an agency-prescribed clause inst[ead] of the clause at 52.216-3.

(3) If the negotiated unit price reflects a net p[rice] after applying a trade discount from a catalog or [list] ...

price, the contracting officer shall document in the contract file both the catalog or list price and the discount. (This does not apply to prompt payment or cash discounts.)

(4) Before entering into the contract, the contracting officer and contractor must agree in writing on the identity of the standard supplies and the corresponding contract line items to which the clause applies.

(5) If the supplies are standard, except for preservation, packaging, and packing requirements, the clause prescribed in 16.203-4(a) shall be used rather than this clause.

(c) *Adjustments based on actual cost of labor or material.* (1) The contracting officer shall, when contracting by negotiation, insert a clause that is substantially the same as the clause at 52.216-4, Economic Price Adjustment—Labor and Material, or an agency-prescribed clause as authorized in subparagraph (2) below, in solicitations and contracts when all of the following conditions apply:

(i) A fixed-price contract is contemplated.

(ii) There is no major element of design engineering or development work involved.

(iii) One or more identifiable labor or material cost factors are subject to change.

(iv) The contracting officer has made the determination specified in 16.203-3.

(2) If all conditions in subparagraph (c)(1) above apply and the contracting officer determines that the use of the clause at 52.216-4 is inappropriate, the contracting officer may use an agency-prescribed clause instead of the clause at 52.216-4.

(3) The contracting officer shall describe in detail in the contract Schedule—

(i) The types of labor and materials subject to adjustment under the clause;

(ii) The labor rates, including fringe benefits (if any) and unit prices of materials that may be increased or decreased; and

(iii) The quantities of the specified labor and materials allocable to each unit to be delivered under the contract.

(4) In negotiating adjustments under the clause, the contracting officer shall—

(i) Consider work in process and materials on hand at the time of changes in labor rates, including fringe benefits (if any) or material prices;

(ii) Not include in adjustments any indirect cost (except fringe benefits as defined in 31.205-6(m)) or profit; and

(iii) Consider only those fringe benefits specified in the contract Schedule.

(d) *Adjustments based on cost indexes of labor or material.* The contracting officer should consider using an economic price adjustment clause based on cost indexes of labor or material under the circumstances and subject to approval as described in subparagraphs (1) and (2) below.

(1) A clause providing adjustment based on cost indexes of labor or materials may be appropriate when—

(i) The contract involves an extended period of performance with significant costs to be incurred beyond 1 year after performance begins;

(ii) The contract amount subject to adjustment is substantial; and

(iii) The economic variables for labor and materials are too unstable to permit a reasonable division of risk between the Government and the contractor, without this type of clause.

(2) Any clause using this method shall be prepared and approved under agency procedures. Because of the variations in circumstances and clause wording that may arise, no standard clause is prescribed.

### 16.204 Fixed-price incentive contracts.

A fixed-price incentive contract is a fixed-price contract that provides for adjusting profit and establishing the final contract price by a formula based on the relationship of final negotiated total cost to total target cost. Fixed-price incentive contracts are covered in Subpart 16.4, Incentive Contracts. See 16.403 for more complete descriptions and for application, limitations, and prescribed clauses for these contracts.

### 16.205 Fixed-price contracts with prospective price redetermination.

### 16.205-1 Description.

A fixed-price contract with prospective price redetermination provides for (a) a firm fixed price for an initial period of contract deliveries or performance and (b) prospective redetermination, at a stated time or times during performance, of the price for subsequent periods of performance.

### 16.205-2 Application.

A fixed-price contract with prospective price redetermination may be used in acquisitions of quantity production or services for which it is possible to negotiate a fair and reasonable firm fixed price for an initial period, but not for subsequent periods of contract performance.

(a) The initial period should be the longest period for which it is possible to negotiate a fair and reasonable firm fixed price. Each subsequent pricing period should be at least 12 months.

(b) The contract may provide for a ceiling price based on evaluation of the uncertainties involved in performance and their possible cost impact. This ceiling price should provide for assumption of a reasonable proportion of the risk by the contractor and, once established, may be adjusted only by operation of contract clauses providing for equi-

BULK FUELS SOLICITATIONS IMMEDIATELY IMPACTED BY MAPCO COURT DECISION

1. Solicitation DLA600-93-R-0034 for delivery of 721,000 barrels of JP-8 to Eielson AFB during the period of 15 January 1993 through 30 September 1993. 2 offers - potential awards 2. Deviation needed by 8 January 1993.

2. Solicitation DLA600-93-R-0061 for 45.9 million barrels of JP-4, JP-5, F76 and MUM for the East/Gulf Coast program for delivery during 1 April 1993 through 31 March 1994 and 29.1 million barrels of JP-5 and JP-8 for the West Coast for delivery 1 October 1993 through 30 September 1994. 49 offers - potential awards 20-30. Deviation needed by 15 January 1993.

3. Solicitation DLA600-93-R-0033 for 14.1 million barrels of JP-8, JP-5, F-76, JP-4 and MOGAS for the Atlantic European program for delivery 1 July 1993 through 30 June 1994. Offers will be received 26 January 1993. Negotiations scheduled to open 17 February 1993. Potential offers 15-20. Potential awards 6-10. Deviation needed by 17 February 1993.

DFSC-FPR

**DEFENSE LOGISTICS AGENCY**
**HEADQUARTERS**
**CAMERON STATION**
**ALEXANDRIA, VIRGINIA 22304-6100**

14 JAN 93 14 18

IN REPLY REFER TO DLA-PPC (H. Hermann/DSN 284-7936)
FARS DEV 93-2

14 JAN 1993

SUBJECT: One-Time Deviation - FAR 16.203, Economic Price Adjustments (EPA)

TO: DFSC-P

1. In reply to your request of 5 January 1993, a one-time deviation to the provisions of FAR 16.203 is granted to permit the use of an economic price adjustment provision which provides for price adjustment based upon industry or Government price summaries, averages, reports, or indices of refined petroleum product. This deviation applies only to DFSC solicitation DLA600-93-R-0061 and resulting contracts.

2. FARS DEV 93-2 applies.

GARY S. THURBER
Executive Director
Contracting

DEFENSE LOGISTICS AGENCY
HEADQUARTERS
CAMERON STATION
ALEXANDRIA, VIRGINIA 22304-6100

IN REPLY REFER TO DLA-PPC (H. Hermann/DSN 284-7936)
FARS DEV 93-4

03 FEB 1993

SUBJECT: One-Time Deviation for FAR 16.203 Economic Price Adjustments

TO: DFSC-P

1. In response to your letter of 29 January 1993, a one-time deviation to FAR 16.203 to permit use of a market based price index for economic price adjustments is granted for solicitation DLA600-93-R-0062 and resulting contracts.

2. FARS DEV 93-4 applies.

FOR THE DIRECTOR:

BILLY R. WILLIAMS
Acting Executive Director
Contracting

# Defense Acquisition Regulations Directorate

## Memo

March 9, 1993

To: Mr Billy B. Williams (DLA)

I was satisfied with the results of our meeting yesterday with Eleanor Spector on the subject of economic price adjustment clauses. I hope you were too.

As discussed in the meeting, we need to take another look at the proposed FAR rule we have drafted (attached) under DAR Case 90-427 to see if any tweaks are appropriate in light of DLA's recent court case. Please ask someone on your staff or at DFSC to look at the draft language and to let me know what additional revisions to 16.203, if any, that DLA considers necessary. Although the draft rule is currently at the Civilian Agency Acquisition Council for its consideration, I see no problem in revising the draft language if it is appropriate to do so.

Again, congratulations on your new job! Please do not hesitate to call me or Claudia Naugle if our office can be of assistance to you.

Nancy

Nancy L. Ladd, Colonel, USAF
Director, Defense Acquisition
Regulations Council

Attachment

# Defense Acquisition Regulations Directorate

## Memo

March 9, 1993

To: Mrs Carol Covey (CPF)

Richard Brown and I participated in a meeting yesterday with Mrs Spector and [illegible] (DLA) on the subject of economic price adjustment clauses. We [illegible] specifically identified clauses currently being used by DFSC are [illegible] by Mrs Spector for DLA's use.

We also agreed to take another look at a proposed FAR rule we have drafted (attached) under DAR Case 90-427 to see if any tweaks are appropriate in light of DLA's recent court case. I am sending a copy of the draft rule to Billy Williams and asking that someone on his staff or at DFSC look at the draft language and let me know what additional revisions to 16.203, if any, that DLA considers necessary. Although the draft rule is currently at the Civilian Agency Acquisition Council for its consideration, I see no problem in revising the draft language if it is appropriate to do so.

Richard has the backup documentation on the DLA court case. As soon as DLA lets me know what revisions, if any, it considers appropriate, I will coordinate with you prior to sendi[illegible] to the CAAC for consideration.

Nancy

Nancy L. [illegible]dd, Colonel, USAF
Director, Defense Acquisition
Regulations Council

Attachment

OFFICE OF THE UNDER SECRETARY OF DEFENSE

WASHINGTON, DC 20301-3000

Cy - AQC R
- AQP
Distribute as appropriate

ACQUISITION
DP (DAR)

MAR 2 2 1993

MEMORANDUM FOR DIRECTORS OF DEFENSE AGENCIES
DEPUTY FOR ACQUISITION POLICY, INTEGRITY, AND ACCOUNTABILITY, ASN (RD&A)/API&A
DEPUTY ASSISTANT SECRETARY OF THE AIR FORCE (CONTRACTING), SAF/AQC
DIRECTOR, PROCUREMENT POLICY, ASA(RD&A)/SARD-PP
COMMANDER, DEFENSE CONTRACT MANAGEMENT COMMAND, DCMC-D

SUBJECT: Approved Agency/Component Regulations

Attached is a complete listing of all nonstandard clauses or provisions and deviations submitted by your agency for my approval and the status of each.

The status codes, shown in the 'Date DDP Approved/Disapproved' column, are as follows:

A - Approved and in effect
AE - Approved but now expired
G - "Grandfathered" approval based on RRTF recommendation
C - Conditionally approved - formal review/approval ongoing
CA - Conditionally approved - subsequently formally approved
CD - Conditionally approved - subsequently disapproved
T - Approved for test or interim basis
D - Disapproved

Please continue to remind your field activities that I must approve, prior to its use, any clause or provision that (1) has a significant effect beyond the internal operating procedures of the agency, (2) has a significant cost or administrative impact on contractors or offerors, (3) is a class deviation from Federal Acquisition Regulation (FAR) or Defense FAR Supplement (DFARS), or (4) is a one-time deviation in a category listed in DFARS 201.402. I must also approve revisions to clauses and provisions previously approved, if the revisions impose a significant impact on the public.

Eleanor Spector

Eleanor R. Spector
Director of Defense Procurement